OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PATTON

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PATTON
2019 OK 9
Case Number: SCBD-6734
Decided: 03/04/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 9, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MATTHEW JEREMY PATTON, Respondent.
ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS
Â¶1 Upon consideration of (1) Respondent's Affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, in which Respondent, Matthew Jeremy Patton requests that he be allowed to relinquish his license to practice law and to resign from membership in the Oklahoma Bar Association, and (2) Complainant's Application for Order Approving Resignation,
Â¶2 THE COURT FINDS AND HOLDS:
Â¶3 During the pendency of disciplinary proceedings against him, Matthew Jeremy Patton offered, on February 5, 2019, to surrender his license to practice law and to resign from Bar membership.
Â¶4 Respondent's affidavit of resignation reflects that: (a) his resignation was freely and voluntarily made; (b) he was not subject to coercion or duress; and (c) he is fully aware of the legal consequences that will flow from his resignation.
Â¶5 The affidavit of resignation states Respondent's awareness that the Oklahoma Bar Association has investigated the following criminal conviction which suffices as a basis for discipline:
Â¶6 State of Oklahoma v. Matthew Jeremy Patton, Washita County, Case No. CF-2017-46: On April 19, 2017 Patton was charged with Burglary in the Second Degree (Count I) and Grand Larceny in House (Count II). On August 22, 2017, Count I was amended to a misdemeanor under 21 O.S.2011 Â§ 22, and Count II was dismissed with prejudice. Patton entered a plea of guilty to violating 21 O.S.2011 Â§ 22, Acts Resulting in Gross Injury. Patton received a two-year deferred sentence until August 21, 2019.
Â¶7 Respondent is aware that, if proven, this grievance would constitute violations of Rules 8.4 (a) and (b), Oklahoma Rules of Professional Conduct; Rule 1.3 Oklahoma Rules Governing Disciplinary Procedures; and Respondent's oath as a licensed Oklahoma lawyer.
Â¶8 Respondent waives any and all right to contest the allegations in a bar disciplinary proceeding.
Â¶9 Respondent states his awareness that a RGDP Rule 8.2 resignation pending disciplinary proceedings may be either approved or disapproved by the Oklahoma Supreme Court.
Â¶10 Respondent is aware and understands the implications of the Order of Immediate Interim Suspension entered on December 17, 2018. He states that he waived his right to challenge the interim suspension and that on the date of the suspension he was not engaged in the practice of law nor engaged in legal representation on behalf of any client.
Â¶11 Respondent agrees to comply with RGDP Rule 9.1, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by RGDP Rule 11.
Â¶12 Respondent recognizes, understands, and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five years from the effective date of this order.
Â¶13 Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions, with applicable statutory interest, prior to the filing of any application for reinstatement.
Â¶14 Respondent states that he has surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel.
Â¶15 Respondent states that he acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.
Â¶16 Respondent acknowledges the Oklahoma Bar Association has incurred costs in the investigation and prosecution of this matter in the amount of $8.04, and agrees he is responsible for reimbursement of these costs.
Â¶17 Respondent's resignation during the pendency of disciplinary proceedings is in compliance with RGDP Rule 8.1.
Â¶18 Respondent's name and address appear on the official Bar roster as: Matthew Jeremy Patton, O.B.A. No. 32189, 14317 Brinley Way, Oklahoma City, OK 73142.
Â¶19 IT IS THEREFORE ORDERED THAT the resignation of Matthew Jeremy Patton tendered during the pendency of disciplinary proceedings be approved, and the resignation is deemed effective on the date it was executed and filed in this Court, February 5, 2019.
Â¶20 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five years from the effective date of this order (February 5, 2019); Respondent shall comply with RGDP Rule 9.1.
Â¶21 IT IS FURTHER ORDERED that Complainant's request for reimbursement of costs is sustained. Respondent shall pay costs in the amount of $8.04 within thirty (30) days from the date of this order. Any consideration of any future Rule 11 petitions is conditioned upon such payment.
Â¶22 DONE BY ORDER OF THE SUPREME COURT this 4th day of March, 2019.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.